

## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF VIRGINIA
#### Richmond Virginia

ROBERT E. CARR,

     Plaintiff,

v.                      Civil Action No. 3:13cv335

VIRGINIA DEPARTMENT
OF VETERANS SERVICES,

     Defendant.

### MEMORANDUM OPINION

This matter is before the Court on Defendant Virginia Department of Veterans Services' ("DVS") MOTION TO DISMISS (Docket No. 14). For the reasons set forth below, the MOTION TO DISMISS (Docket No. 14) will be granted.

### FACTUAL BACKGROUND

Robert E. Carr is a disabled veteran who is a permanent resident at the long-term care facility maintained by DVS, namely the Sitter and Barfoot Veterans Care Center ("the Facility"). Id. Carr has been living at the Facility since August of 2011.

According to Carr, the Facility unlawfully withheld his mail from him on three occasions: on or about August 7, 2012; on or about September 4, 2012; and between January 1, 2013 and March 20, 2013. Carr argues that this conduct violates 18

U.S.C. § 1701, a federal criminal statute prohibiting the willful and knowing obstruction of the delivery of the United States mail. 18 U.S.C. § 1701. In a letter attached to his Complaint, Carr demands redress for these alleged violations in the form of "reasonable, fair, adequate, and just penalties with Fees, Court Cost, Transportation Cost, and Damages" and "[f]ree, secure access and unlimited Internet service" at the facility.

DVS seeks dismissal of the Complaint because: (1) Carr failed to include a statement illustrating the grounds for this Court's jurisdiction; (2) Carr failed to state a claim for which relief can be granted as required by Fed. R. Civ. P 12(b)(6); (3) to the extent that Carr's claim is construed as a claim under 42 U.S.C. § 1983, DVS is immune under the Eleventh Amendment; and (4) to the extent that Carr's claim is construed as a claim under 42 U.S.C. § 1983, DVS is not a "person" subject to such a claim.

**ANALYSIS**

## I.  No Statement For Grounds Of Jurisdiction: Fed. R. Civ. P. 8(a)

It is true that Carr has not included an explicit statement of jurisdiction in his Complaint, and that this omission violates Fed. R. Civ. P. 8(a)(1), which requires that a complaint must include a "short and plain statement of the grounds for the court's jurisdiction." However, given a

2

reasonable construction, the Complaint seeks redress for violation of federal law by an entity acting under the color of state law. Thus, it is preferable to interpret the Complaint as if it purports to assert federal jurisdiction.

## II. Failure To State A Claim Upon Which Relief Can Be Granted: Fed. R. Civ. P. 12(b)(6)

DVS says that Carr has not stated a claim upon which relief can be granted, and seeks dismissal pursuant to Fed. R. Civ. P. 12(b)(6). In order to withstand a motion to dismiss under Rule 12(b)(6), it is necessary that a complaint allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "[T]he court must construe the complaint in the light most favorable to the plaintiff and the allegations of the complaint must be taken as true." Smithfield Foods, Inc. v. United Food & Commercial Workers Int'l Union, 633 F. Supp. 2d 214, 222 (E.D. Va. 2008)

The Complaint here is akin to that in Jones v. Capital One Fin. Corp., 2004 U.S. Dist. LEXIS 27956, *4-6 (E.D. Va. Oct. 27, 2004) wherein Jones alleged various violations of federal criminal law as the basis of his civil complaint against the defendant. In applying the Rule 12(b)(6) standards in Jones, the Court held that "none of the statutes listed provide [sic] a private cause of action or civil penalties. And, as Jones correctly explained, absent clear indication from Congress,

3

courts should not infer a civil cause of action from a criminal statute." Id. (citing California v. Sierra Club, 451 U.S. 287, 297 (1981)). Moreover, "'[c]riminal statutes, which express prohibitions rather than personal entitlements and specify a particular remedy other than civil litigation, are accordingly poor candidates for the imputation of private rights of action.'" Jones, 2004 U.S. Dist. LEXIS 27956, at *4-6 (quoting Doe v. Broderick, 225 F.3d 440, 448 (4th Cir. 2000)). ("Because these are criminal statutes containing prohibitions and particularized remedies, there is no basis to infer a private cause of action. Accordingly, Plaintiff's causes of action based upon these criminal statutes should be dismissed.") Id.

The same analysis obtains here. Carr has alleged, as the crux of his complaint, a violation of the federal criminal code prohibiting obstruction of the mail. The criminal statutes relied on by Carr do not afford a private right of action. Brett v. Brett, 503 F. App'x 130, 132 (3rd Cir. 2012) (pertaining to 18 U.S.C. § 1702); Hill v. Sands, 403 F. Supp. 1368, 1371 (N.D. Ill. 1975) (pertaining to 18 U.S.C. § 1703). Even if everything in Carr's Complaint is true, the statute affords Carr no relief. Therefore, DVS's motion to dismiss will

4

be granted for the reason that Carr has failed to make a claim upon which relief can be granted.[1]

## III. Construing Plaintiff's Claims As A Cause Of Action Under 42 U.S.C. § 1983

DVS alternatively argues that, even if the Court were to construe Carr's claim to be brought pursuant to 42 U.S.C § 1983, DVS could not be liable because: (a) DVS has sovereign immunity, and (b) DVS is not a "person" subject to a § 1983 claim. The Court need not go this far in the § 1983 analysis, however, because Carr's claims (both that a criminal violation occurred, and that DVS violated 42 C.F.R. § 483.10(i)(1)) afford no bases for an action under § 1983.

To begin, it is necessary to remember that § 1983 creates a procedural vehicle for suing in federal court for violation of a federal right created by the federal constitution or a federal law. See Amato v. City of Richmond, 875 F. Supp. 1124, 1132-33 (E.D. Va. 1994)(noting that § 1983 is "'not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" (internal citations omitted)). In other words, § 1983 itself confers no substantive rights.

---

[1] In his response brief, Carr seems to suggest that DVS may have run afoul of 42 C.F.R. § 483.10(i)(1). However, that is not a part of his Complaint and, in any event, the regulation cannot create a private right of action.

Moreover, Section 1983 allows for redress only when a plaintiff "assert[s] the violation of a federal right, not merely a violation of federal law." Blessing v. Freestone, 520 U.S. 329, 340 (1997) (quoting Golden State Transit Corp. v. Los Angeles, 493 U.S. 103, 106 (1989) (emphasis in original). More importantly, the Supreme Court has held that regulations alone cannot create a private right of action where Congress has not chosen to authorize one. See Alexander v. Sandoval, 532 U.S. 275, 291 (2001) (holding that "it is most certainly incorrect to say that language in a regulation can conjure up a private cause of action that has not been authorized by Congress. Agencies may play the sorcerer's apprentice but not the sorcerer himself.").

Further, it is generally accepted that federal rights of the sort that would trigger § 1983 protection are rarely found in legislation and regulations that govern federal funding of state organizations.[2] "[U]nless Congress 'speaks with a clear voice' and manifests an 'unambiguous' intent to confer individual rights, federal funding provisions provide no basis

---

[2] In fact, as the Supreme Court notes in Gonzaga, only two pieces of federal funding legislation have ever been held to confer "rights" that were actionable under § 1983. Gonzaga, 536 U.S. at 280. See Wright v. Roanoke Redevelopment and Housing Authority, 479 U.S. 418 (1987) (allowing for a § 1983 claim because Congress showed its intent to create such a right in very clear terms); Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498 (1990) (holding the same after finding the rights provision in the funding legislation was explicitly conferred to plaintiffs in the case).

for private enforcement by § 1983." <u>Gonzaga Univ. v. Doe</u>, 536 U.S. 273, 280 (2002) (quoting <u>Pennhurst State School and Hospital v. Halderman</u>, 415 U.S. 1, 67 (1981)). Also in <u>Gonzaga</u>, the Supreme Court explicitly stated "[w]e now reject the notion that our cases permit anything short of an unambiguously conferred right to support a cause of action brought under § 1983." <u>Gonzaga</u>, 536 U.S at 283.

In this case, if the Court were to put aside the fact that Carr has plainly alleged a violation of criminal law 18 U.S.C. § 1701 as the predicate of his Complaint, and were to attempt to find a private right of action out of the federal regulations and the federal criminal provision upon which he relies, the best that could be said is that Carr is asserting that the conduct of the DVS Facility would be, at most, a violation of the federal regulations applicable to the Facility because it is a recipient of federal funding. That, even if accepted as true, is not a violation of Carr's federal <u>right</u>.

Thus, Carr's allegations, even if true, cannot be construed as a violation of a federal right that would allow him to proceed in a civil action under § 1983.[3] Hence, any claim brought pursuant to § 1983 would be futile. Therefore, leave to amend will not be permitted and Carr's action will be dismissed

---

[3] This disposition makes it unnecessary to address the other arguments made by DVS.

with prejudice here, but without prejudice to any rights he may have to press a grievance administratively or under state law in state court.

## CONCLUSION

For the foregoing reasons, the MOTION TO DISMISS (Docket No. 14) will be granted.

The Clerk is directed to send a copy of the Memorandum Opinion to the plaintiff and to counsel of record.

It is so ORDERED.

/s/                    $\mathcal{REP}$

Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date:  April 7, 2014

8